[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] REVISED MEMORANDUM OF DECISION ON APPLICATION TO DISCHARGE AND/OR TO REDUCE MECHANIC'S LIEN
The plaintiff instituted the present action to foreclose a mechanic's lien in the amount of $2800.00 placed upon property of the defendant. The defendant has then filed a motion for discharge or reduction on the mechanic's lien. Under General Statutes § 49-35b the lien owner has initial burden establishing that there is probable cause to sustain the validity of the lien. Thereafter parties may be heard and prove by clear and convincing evidence the validity of the lien should not be sustained for the amount of the lien claim is excessive and should be reduced.
The plaintiff did begin performing some work on the property. However, the plaintiff did not know when he began or stopped work and did not know how he calculated the $2800.00 claimed to be owed to him. No written agreements between any of the parties and the plaintiff had no expectation of ever being paid for the work that he performed on the property.
The mechanic's lien filed by the plaintiff was recorded on the Stratford land records on November 3, 2000. Under General Statutes §49-34 it is necessary that the mechanic's lien be filed 90 days after the lienor ceases to furnish materials or to perform services. Ninety days CT Page 2578-dy prior to the recordation date of the mechanic's lien is August 5, 2000. In view of the fact that the plaintiff is unable to state when he started work or ceased work on the property he is unable to demonstrate that the lien is timely filed. See Feola v. Capitol Contractors, Inc. (Superior Court Judicial District of Waterbury, August 13, 1991) (Barnett, J.) (4 Conn.L.Rptr. 755) (submitted by defendant's counsel). At one point during the trial the plaintiff testified that he may have begun the work in June and may have worked for a period of three weeks on the property.
Accordingly, the mechanic's lien is hereby discharged.
RUSH, J.
2/19/03 CT Page 2578-ez